UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIANE FATIGATI,

      Plaintiff,

                                                                <u>ORDER</u>

- against -                                             CV-05-1460 (NG)

HOME DEPOT U.S.A., INC.,

      Defendant.
----------------------------------------------------------------X
GOLD, Magistrate Judge:

      I held a settlement conference in this case on October 6, 2006. During the conference, plaintiff's counsel described testimony he expected to elicit at trial from plaintiff's mother and sister. Although this case has required close court supervision of almost every aspect of discovery, I had no recollection of any prior references to the testimony of plaintiff's family members. I therefore asked plaintiff's counsel whether he had previously disclosed that plaintiff's mother and sister had discoverable information or were likely to be called as witnesses at trial. I learned that plaintiff had failed to identify her family members either when making initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) or in response to interrogatories propounded by defendant asking for the identity of persons with relevant knowledge.

      By letter dated October 16, 2006, plaintiff seeks to supplement her prior disclosures and identifies her mother, sister and son as individuals with relevant information and as persons plaintiff will seek to call as trial witnesses. Defendant counters that, because plaintiff knew of these witnesses but failed to identify them at the appropriate time, she should be precluded from offering their testimony as evidence in this lawsuit.

      Plaintiff attempts to characterize the issue before the court as whether she should be

permitted to supplement her prior discovery responses pursuant to Fed. R. Civ. P. 26(e), and seems to argue that she has the right to do so as a matter of course. Docket Entry 72 at 2. The text of Rule 26(e), however, applies when a party "learns" that a prior discovery response is incomplete, and imposes a duty "seasonably to amend." Here, plaintiff knew that her family members had discoverable information at the outset of the lawsuit, and did not recently "learn" about it. Plaintiff, however, failed to supplement her discovery responses until the court pointed out her oversight after fact discovery had essentially closed.

The real question posed by these circumstances is not whether plaintiff should be permitted to supplement her initial disclosures or interrogatory answers, but whether Fed. R. Civ. P. 37(c) warrants preclusion. Rule 37(c) provides that, when a party fails to disclose required information without "substantial justification," preclusion is warranted "unless such failure is harmless," in which case other sanctions, including attorney's fees incurred as a result of the failure, may be imposed.

Plaintiff offers no substantial justification for failing to identify her family members sooner; rather, her counsel acknowledges that the failure to make the required disclosures was due to his oversight. *See* Docket Entry 74 at 2. Defendant, however, has not demonstrated that it will be prejudiced – apart from having incurred unnecessary fees – if plaintiff is permitted to correct her oversight. Defendant has not argued, for example, that it will be more expensive or less efficient to depose plaintiff's family members now than it would have been if they had been timely disclosed. Moreover, plaintiff has agreed to produce the witnesses at a place and time convenient to defendant's counsel and at her own cost. Docket Entry 74 at 8. Finally, no trial date has been set, and there is ample time for defendant to depose plaintiff's newly identified

witnesses between now and the final pretrial conference, currently set for February 2, 2007.

Accordingly, it is hereby ORDERED that:

1) Plaintiff's application is construed as one for leave to supplement her prior discovery responses to identify her mother, sister and son as witnesses with pertinent knowledge, and not to suffer a sanction of preclusion as a result of her unjustifiably tardy disclosure, and so construed is hereby GRANTED;

2) Fact discovery is reopened for the limited purpose of permitting the supplementation described in paragraph one and the depositions of the newly identified witnesses;

3) Plaintiff's counsel is directed to cooperate with all reasonable efforts of defendant to schedule and arrange the depositions of the newly identified witnesses, and to produce them at a time and place convenient to defendant's counsel at plaintiff's cost;

4) Plaintiff is directed to reimburse defendant for all attorney's fees and costs incurred responding to plaintiff's letter application of October 16, 2006 (Docket Entry 72), including all fees incurred for preparing defendant's letter responses dated October 25 and October 30 (Docket Entries 73 and 75); and

5) In the event plaintiff is a prevailing party in this case, she is precluded from seeking to recover any attorney's fees incurred as a result of making the pending application, including any fees incurred for preparing plaintiff's letters dated October 16 and 26 (Docket Entries 72 and 74).

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
November 3, 2006
C:\MyFiles\fatigati 110406.wpd