**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**DIANE FATIGATI,**

               **Plaintiff,**

              **- against -**

**HOME DEPOT USA, INC.**

               **Defendant.**
-------------------------------------------------------x

**ORDER**

**05-CV-1460 (NG)(SMG)**

**GERSHON, United States District Judge:**

      Plaintiff in this employment discrimination case appeals from two rulings made by the Honorable Steven M. Gold, Magistrate Judge, during the course of his supervision of pretrial proceedings in this case. The first, made orally on June 5, 2006, denied the production of personnel files which plaintiff seeks. Those portions found relevant were produced, and Judge Gold found that further production was unwarranted. This ruling is affirmed. It was neither clearly erroneous nor contrary to law. On the contrary, it was clearly within Judge Gold's discretion in his supervision of the discovery in this case. Finally, insofar as plaintiff has filed supplemental papers, they are rejected, as based on evidentiary matters not presented to the magistrate judge.

      The second ruling, in a minute order of June 7, 2006, is as follows: "Plaintiff's counsel is directed to keep very detailed time records so that, if plaintiff prevails, the court may review whether any fee application includes time spent as a result of discovery disputes that counsel should have been able to resolve." While recognizing that plaintiff's counsel is indeed required to keep detailed time records or forfeit recovery of fees, plaintiff argues that Judge Gold was suggesting that plaintiff's counsel is under a special burden. On the contrary, in my view, Judge Gold was wisely cautioning counsel, in this highly litigated case--lest counsel be surprised--that attorneys' fees will not be awarded except where justified and that, in order to properly allocate fees between justified

and unjustified expenses, the court will need detailed allocations of how counsel's time was spent. Again, the ruling was not clearly erroneous or contrary to law and was not an abuse of the Judge's discretion. It is affirmed.

SO ORDERED.

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**Dated:    November 9, 2006**
**            Brooklyn, New York**